IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TRIO ROCCO WILLIAMS, | : |
| | : |
|       Plaintiff, | : |
| VS. | : |
| | :   NO. 5:15-CV-319-MTT-MSH |
| MARK CHARLES, | : |
| | : |
|       Defendant. | : |
| _____ | : |

## REPORT AND RECOMMENDATION

Currently pending before the Court is Defendant's motion for summary judgment (ECF No. 14). Plaintiff did not file a response, and the time in which to do so has elapsed. For the reasons stated below, it is recommended that Defendant's motion for summary judgment be granted.

## BACKGROUND

Plaintiff's claim arises from an incident on August 12, 2014, during which Plaintiff alleges he was assaulted by Defendant Charles, a lieutenant at Macon State Prison. Compl. 3, ECF No. 1. The relevant uncontested facts are simple. Plaintiff was an inmate in the Georgia Department of Corrections (GDOC) system at Macon State Prison. *Id.* at 1; Def.'s Statement of Undisputed Material Facts (SUMF) ¶ 1, 3, ECF No. 14-1. Defendant was employed as a Lieutenant correctional officer at Macon State Prison. Compl. 1; Def.'s SUMF ¶ 4. On August 12, 2014, Plaintiff was a bystander to an altercation between two non-party inmates. Compl. 5; Def.'s SUMF ¶ 9-12. Upon the

start of the altercation, Defendant began efforts to separate the two inmates. Compl. 5; Def.'s SUMF ¶ 19-21. Defendant was forced to chase the aggressor of the altercation. *Id.* While chasing the aggressor, Defendant collided with Plaintiff, causing Plaintiff to fall to the ground. Compl. 5; Def.'s SUMF ¶ 29. Plaintiff sustained injuries to his neck and was treated at Macon State Prison's medical department. Compl. Ex. One 1, ECF No. 1-1; Def.'s SUMF ¶ 38. Plaintiff's injuries ultimately required surgery. *Id.*

The parties agree that Defendant did not intend to bump into Plaintiff. Def.'s SUMF ¶ 32; Williams Dep. Tr. 18:6-7, 49:5-22, 75:20-24, ECF Nos. 14-3, 14-4. Plaintiff further admits that he has no reason to believe that Defendant intended to bump into him or knock him down. Def.'s SUMF ¶ 34; Williams Dep. Tr. 18:6-7, 49:5-22, 75:20-24.

Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983 on August 19, 2015. Compl. 1. Plaintiff was deposed on May 26, 2016. Williams Dep. Tr. 1, ECF No. 14-3. Defendant filed this motion for summary judgment on August 22, 2016, arguing that—based on the undisputed material facts—Plaintiff's claim does not meet the standard for an Eighth Amendment violation and that Defendant is entitled to qualified immunity.

## DISCUSSION

### I.   Defendant's Motion for Summary Judgment

#### A.   Standard of Review

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most

favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

> B.  Eighth Amendment Excessive Force Claim

Defendant moves for summary judgment, asserting that the uncontested facts demonstrate that Defendant's contact with Plaintiff was unintentional and Plaintiff thus cannot sustain an Eighth Amendment claim. Def.'s Br. in Supp. 8, ECF No. 14-2. This Court agrees and recommends that Defendant's motion for summary judgment (ECF No. 14) be granted.

"[O]nly the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Campbell v. Sikes*, 169 F.3d 1353, 1363 (11th Cir. 1999) (citations omitted). To establish unnecessary and wanton infliction of pain, there must be "some proof that officials acted with specific intent. This specific-intent requirement for an Eighth Amendment violation applies to both failure to provide medical care and excessive force." *Id.* at 1362. To establish an Eighth Amendment excessive force claim, Plaintiff "must prove that 'force was applied . . . maliciously and sadistically for the very purpose of causing harm.'" *Id.* at 1374 (quoting *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)).

"It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause,

3

whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock." *Whitley,* 475 U.S. at 319. "Wanton conduct"—not "mere negligence" or "ordinary errors of judgment"—supports an Eighth Amendment claim. *Id.* at 322.

Furthermore, an accident or act of negligence does not turn an into an Eighth Amendment violation simply because an inmate suffers an injury. *Wilson v. Coppage*, 2:13-cv-49-WHA, 2016 WL 109876 at *4 (M.D. Ala. Feb. 26, 2016) (finding that defendant officer did not use excessive force where, while engaged in a physical altercation with another inmate, he accidentally hit plaintiff because "any errant blows inflicted on [p]laintiff by [d]efendant during the altercation with [the other inmate] were neither malicious nor sadistic"). "'Accidents happen for which no man is to blame,' thus "'an accident with no suggestion of malevolence,' [does] not give rise to an Eighth Amendment violation." *Baze v. Rees*, 553 U.S. 35, 50 (2008)(citation omitted). Furthermore, "[a]ccidents, mistakes, [and] negligence . . . are not 'constitutional violation[s] merely because the victim is a prisoner.'" *Harris v. Coweta Cty.*, 21 F.3d 388, 393 (11th Cir. 1994)(citation omitted).

The uncontested facts show that Defendant did not intend to make physical contact with Plaintiff. Plaintiff thus has not demonstrated that Defendant acted with specific intent or with the purpose of causing harm or pain. Furthermore, it cannot be said that Defendant's mere accident was force applied maliciously and sadistically for the purpose of causing harm. To the contrary, the parties agree that Defendant's sole intent was to break up a fight between two non-party inmates, and all force to Plaintiff was wholly

4

accidental. Based on the undisputed material facts, including the deposition testimony of Plaintiff, Plaintiff has not alleged an Eighth Amendment excessive force claim and this Court thus recommends that Defendant's motion for summary judgment be granted.

## CONCLUSION

For the reasons stated above it is recommended that Defendant's motion for summary judgment (ECF No. 14) be granted. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO RECOMMENDED, this 23rd day of November, 2016.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE